**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ | ) | |
| NATIONAL LAW CENTER ON | ) | |
| HOMELESSNESS AND POVERTY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. |
| | ) | 88-2503-RCL |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF VETERANS AFFAIRS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DECLARATION OF GEORGIA KAZAKIS**

1. This Declaration is being made in support of Plaintiffs' Application for Award of Attorneys' Fees in the above-captioned case.

**A.  The Attorneys In This Application.**

2. I am an attorney duly licensed in the District of Columbia and am a partner with the firm of Covington & Burling, LLP ("Covington") in Washington, D.C.  From June 21, 2011 (the day before filing of the Government's Motion to Vacate (Dkt. No. 568)) through May 13, 2013 (the date of the Court's Order denying the Government's Rule 59(e) Motion (Dkt. No. 647)), collectively, the "Relevant Period," I principally (but not exclusively) substantively reviewed all governing legal and regulatory standards, and otherwise supervised and directed Covington's litigation activities on behalf of the Plaintiffs in the above-captioned matter.  My supervision included:

    a.  Directing assignments;

    b.  Reviewing and revising completed work product;

1

c. Consulting with the core team of Covington attorneys engaged on this matter (*infra* Nos. 3–8);

d. Consulting with Covington attorneys not engaged on this matter who possess expertise or experience in the legal issues raised by this litigation (*e.g.*, Ms. Brown, Ms. Barald);

e. Consulting with outside statistical experts (*e.g.*, Mr. Makuc and Mr. Marrion of Navigant);

f. Consulting with clients (*e.g.*, Ms. Foscarinis, Ms. Cunningham, Ms. Doetzer, Mr. Rosen, Ms. Bauman, Ms. Weir); and

g. Providing strategic direction.

h. My standard billing rates in 2011 and 2012 were, respectively, $710 and $730 per hour.

3. Anna St. John is an associate with the firm of Covington & Burling, LLP in Washington, D.C. During the Relevant Period, Ms. St. John principally (but not exclusively) managed communications with Government counsel in the above-captioned matter, and managed Plaintiffs' offensive discovery, particularly with respect to Defendant Department of Housing and Urban Development. Ms. St. John's standard billing rates in 2011 and 2012 were, respectively, $455 and $495 per hour.

4. Bradley Ervin is an associate with the firm of Covington & Burling, LLP in Washington, D.C. During the Relevant Period, Mr. Ervin principally (but not exclusively) conducted legal research into the principal regulatory regimes and standards for relief in the above-captioned matter, and was the primary drafter of

Plaintiffs' merits briefing.  Mr. Ervin's standard billing rates in 2011, 2012, and 2013 were, respectively, $455, $495, and $545 per hour.

5. Skye Perryman is a former associate with the firm of Covington & Burling, LLP in Washington, D.C., and departed the firm in 2012.  During the Relevant Period, Ms. Perryman principally (but not exclusively) prepared Plaintiffs' briefing on discovery motions in the above-captioned matter, and managed Plaintiffs' offensive discovery, particularly with respect to Defendant General Services Administration.  Ms. Perryman's standard billing rates in 2011 and 2012 were, respectively, $430 and $470 per hour.

6. Kelly Silverman is an associate with the firm of Covington & Burling, LLP in Washington, D.C.  During the Relevant Period, Ms. Silverman principally (but not exclusively) managed Plaintiffs' defensive discovery in the above-captioned matter, and the activities of support staff.  Ms. Silverman's standard billing rates in 2011 and 2012 were, respectively, $430 and $470 per hour.

7. Meena Sharma is an associate with the firm of Covington & Burling, LLP in Washington, D.C.  During the Relevant Period, Ms. Sharma principally (but not exclusively) managed the collection of documents from Defendant Department of Housing and Urban Development, and reviewed offensive and defensive discovery.  Ms. Sharma's standard billing rates in 2011 and 2012 were, respectively, $320 and $365 per hour.

8. Brandon Etheridge is an associate with the firm of Covington & Burling, LLP in Washington, D.C.  During the Relevant Period, Mr. Etheridge principally (but not exclusively) conducted legal research relating to Plaintiffs' discovery briefing, and

3

reviewed and assisted in discovery and fact development.  Mr. Etheridge's standard billing rates in 2011 and 2012 were, respectively, $320 and $330 per hour.

9.  The number of different attorneys involved is due, in part, to the financial constraints placed on any attorney performing work *pro bono*.  Because the attorneys worked on a *pro bono* basis, with no certainty of recovery and subject to Equal Access to Justice Act fee caps, the attorneys were required to balance their work on this case against their work for commercial paying clients.  This resulted in spreading the work among a number of attorneys, and the corresponding need for the attorneys to confer to coordinate tasks.

10. The number of attorneys involved and the hours expended likewise reflect the complex legal and factual context of the case, which resulted in extensive briefing over discovery (including, *inter alia*, two contested motions to compel and numerous meet-and-confer conferences and demand letters), the Government's Motion to Vacate, and the Plaintiffs' Motion to Further Enforce.  Discovery in this case also included two depositions of Government representatives, multiple declarations of factual and expert witnesses, the exchange of numerous documents between the parties, and the Government's refusal to produce copies of certain Title V files responsive to Plaintiffs' discovery requests and insistence that Plaintiffs bring their own copier or scanner to HUD's paper document file room.

**B.  Exercise of Billing Judgment.**

11. Plaintiffs have restricted the fee request to the core litigation team, and eliminated any hours incurred by an attorney who did not expend more than 100 hours on this matter.

12. Plaintiffs have eliminated any time entries including hours incurred by an attorney for ministerial functions or other duties that do not require the exercise of legal expertise or judgment.

13. Plaintiffs have eliminated any time entries including hours incurred by an attorney within the Plaintiffs' billing account on legal matters outside (although related to) Plaintiffs' factual and legal contentions in opposition to the Government's Motion to Vacate and in support of Plaintiffs' Motion to Further Enforce.  Such matters include, among others, parallel administrative and judicial proceedings for release of federal real property reports under the Freedom of Information Act, and legislative work on amendments to Title V proposed in Congress.

14. Plaintiffs have limited the time frame for requesting attorneys' fees to the Relevant Period.

**C.  Donation of Fees.**

15. As a matter of general firm policy, any fees that Covington recovers in a *pro bono* case are first used to reimburse *pro bono* related out-of-pocket expenses, and the remainder is donated to public interest or legal services organizations that provide legal representation to those who cannot otherwise afford to pay for counsel.

**D.  Exhibits Supporting This Application.**

16. Attached hereto as Exhibit 1 is a true and correct copy of the contemporaneous billing records maintained by the above-listed attorneys, and kept by Covington & Burling, LPP in the usual course of business, while performing legal services on behalf of Plaintiffs in the above-captioned case.  The information contained in Exhibit 1 was

compiled through extraction of data from the firm's billing database for Plaintiffs' account, and elimination of entries as described in Part B, *supra*.

17. Attached hereto as Exhibit 2 is a summary of the billing information contained in Exhibit 1 for the above-listed attorneys during the Relevant Period.

18. Attached hereto as Exhibit 3 is a true and correct copy of the U.S. Department of Labor's Bureau of Labor Statistics ("BLS") historical tables of the Consumer Price Index for All Urban Consumers for the Washington, D.C. – Baltimore metropolitan area. These tables are available at http://www.bls.gov/ro3/fax_9156.htm (last visited Aug. 7, 2013).

19. Attached hereto as Exhibit 4 is a true and correct copy of the Laffey Matrix for 2003–2013. The Matrix is available at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix_2003-2013.pdf (last visited Aug. 7, 2013).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 12th day of August, 2013.

Georgia Kazakis